# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 4:18-po-00029-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Timothy A. Jenkins, | |
| Defendant. | |

Melinda A. Williams, United States Attorney's Office, 300 S. 4th Street, Ste 600, Minneapolis, MN 55415, counsel for the government

Timothy A. Jenkins, 5511 Minnehaha Ave S 216, Minneapolis, MN 55417, pro se

As noted in the Court's April 2, 2018 Order, this case was resolved by a bench trial on March 13, 2018. The Court found that the government proved Mr. Jenkins violated a Minnesota law prohibiting a person from driving without a license. *See* Minn. Stat. § 171.02, subd. 1(a). The Court imposed a sentence that required Mr. Jenkins to pay $50, which included a $20 fine and a $30 processing fee. [Order (Apr. 2, 2018), ECF No. 10.]

This matter is now before the Court on Timothy Jenkins' email requests dated March 16, 2018 and March 29, 2018. [ECF Nos. 8 & 9.] In these emails, Mr. Jenkins asserts that Minneapolis Veterans Affairs Police Officer Todd Schwanke, the officer who wrote him the citation at issue and testified on behalf of the government, was mistaken when he testified that he saw Mr. Jenkins driving on January 2, 2018. Mr. Jenkins attaches photographs to his messages, which he claims demonstrate that Officer Schwanke could not have seen him operating a vehicle that day. The Court

construes Mr. Jenkins' emails as a request for a new trial. The government argues that Mr. Jenkins' requests are without merit and should be denied. [ECF No. 11.]

Federal Rule of Criminal Procedure 33 provides that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." Fed. R. Crim. P. 33(a). The trial court's decision on a motion for a new trial is discretionary. *See United States v. Wilkins*, 139 F.3d 603, 604 (8th Cir. 1998). A new trial may be based on newly discovered evidence. *United States v. Yerkes*, 345 F.3d 558, 562 (8th Cir. 2003) (explaining that a defendant is entitled to a new trial on this basis "only if defendant can show that: (1) the evidence was not discovered until after the trial; (2) due diligence would not have revealed the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such as to be likely to lead to acquittal"). A court may also grant a request for a new trial on the ground that the verdict is contrary to the weight of the evidence. *United States v. Davis*, 103 F.3d 660, 668 (8th Cir. 1996) ("In assessing whether the defendant is entitled to a new trial on this basis, the district court weighs the evidence and evaluates anew the credibility of the witnesses to determine if a miscarriage of justice may have occurred."). It is not clear precisely which basis for a new trial Mr. Jenkins invokes, but because he defended himself at the trial and filed his post-trial motion pro se, the Court will consider both.

The Court finds that Mr. Jenkins is not entitled to a new trial based on newly discovered evidence. He has failed to show that the evidence he provided the Court after the trial was only discovered after the trial had concluded or that due diligence would not have revealed the evidence at an earlier time. It also appears that Mr. Jenkins' post-trial evidence is merely cumulative of his testimony that he was not driving or could be used for the purpose of impeaching Officer Schwanke; either reality means it is not a basis for a new trial. Finally, the character of the evidence does not create a likelihood of acquittal.

The Court also finds that Mr. Jenkins is not entitled to a new trial on the ground that the verdict is contrary to the weight of the evidence. The photographs that Mr. Jenkins provided with his March 16, 2018 email, including his markup of those photographs, attempt to demonstrate that Officer Schwanke could not have positively identified Mr. Jenkins at such a distance. The photograph Mr. Jenkins provided with his March 19, 2018 email illustrates Mr. Jenkins' contention (and attempts to buttress his trial testimony) that his van was actually parked for the entire day on January 2, 2018. The Court has considered these photographs and concludes that no miscarriage of justice occurred. Officer Schwanke testified credibly and competently at trial that he was familiar with Mr. Jenkins' van, that he knew Mr. Jenkins did not have a license, and that he personally observed Mr. Jenkins operating his van on the road on January 2, 2018. Mr. Jenkins' post-trial evidence does not alter the Court's conclusion that the government proved its case beyond a reasonable doubt.

Accordingly, **IT IS HEREBY ORDERED THAT** Mr. Jenkins' request for a new trial **[ECF Nos. 8 & 9]** is **DENIED**.

Date: April 25, 2018              s/ *Katherine Menendez*
                                  Katherine Menendez
                                  United States Magistrate Judge